**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OKLAHOMA**

| | |
|---|---|
| 1.)DONALD FRANCIS KING )<br>)<br>Plaintiff )<br>v. )<br>)<br>2.)BOARD OF COUNTY )<br>COMMISSIONERS OF TULSA )<br>COUNTY, 3.)STANLEY GLANZ, in his )<br>Official Capacity and 4.)LAMONT HILL )<br>)<br>Defendants ) | Case No. 12 CV 137 GKF TLW |

**AMENDED COMPLAINT**

Plaintiff, Donald Francis King, pursuant to FRCP 15 (a) (2) submits his Amended Complaint, representing that the Defendant's Counsel has consented in writing to the Amended Complaint, further alleging as follows:

**JURSIDICTION AND VENUE**

1. This court has jurisdiction pursuant to 28 USC § 1331, 1343 and 1367.

2. The claims for relief and causes of action alleged herein present a federal question arising under 42 U.S.C. § 1983 and the United States Constitution by reasons that: Plaintiff was deprived of his right to be secure in his home and free from an unreasonable search and seizure, in violation of the Fourth Amendment; Plaintiff was deprived of his right to be protected against a deprivation of his liberty without due process, in violation of the Fifth Amendment; and Plaintiff was deprived of his right to enjoy equal protection under the law and due process guaranteed under the Fourteenth Amendment.

3. Venue is proper in the United States District Court for the Northern District of Oklahoma pursuant to 28 U.S.C. § 1391(b).

## PARTIES

4. That at all times relevant to this action the Plaintiff, Donald Francis King, is a United States citizen and was a resident and citizen of the State of Oklahoma, residing in Tulsa, Oklahoma.

5. That at all relevant times the Defendant Lamont Hill ("Hill") is a resident of the State of Oklahoma and was a Deputy Sheriff for the Tulsa County.

6. That at all relevant times the Defendant Stanley Glanz ("Glanz") was the acting Sheriff under the administration and management of the Board of County Commissioners of Tulsa County ("Tulsa County") and was at the time of the incident complained of herein responsible for the training and supervision of Hill.

7. That at all relevant time the Tulsa County is charged with the administration and management of Tulsa County and the Tulsa County Sheriff's Office ("TCSO") in the State of Oklahoma and was at the time of the incident complained of herein responsible for the conduct, training and supervision of Glanz and Hill.

8. That at all relevant time the Defendants were acting under the color of law.

## STATEMENT OF THE CASE

9. That on December 1, 2010 at approximately 1526:43, the TCSO received a 911 call from King's daughter, Casey Apple ("Apple") stating that King was acting up again because he was bi-polar and off of his medications, threatening to hurt their horse, his wife, Sherral King ("Sherral") and that he was cursing at the neighbors.

10. When asked by the TCSO whether King was armed with any weapons, Apple

responded on more than one occasion that King was not armed, that to her knowledge there were no weapons in the house and that to her knowledge there was no one in the house at that time.

11. In fact, Apple told TCSO that this was a seasonal occurrence and that they needed help again from the TCSO to calm King and transport him to the appropriate health facilities.

12. That on December 1st 2010 the TCSO was dispatched to the King residence located at 7402 N. Iroquois, Tulsa, Oklahoma.

13. Three deputies, Walker, Goodson and Hill, arrived at the King residence at approximately 1550:27 and in less than four minutes, Hill, without warning or justifiable reason, shot King with an AR-15 .223 caliber rifle.

14. That upon arriving, deputies Walker and Goodson with revolvers drawn proceeded to walk through the front yard toward where King was standing on the front porch ultimately reaching a position of approximately 15-20 feet from King.

15. That King in response to Walker and Goodson's demand that he raise his hands was beginning to raise his hands when he was shot by Hill.

16. That at or before 1554 (time the "man down" call placed by the TCSO), without warning or justification, Hill, from approximately 200 feet, fires five rounds from his AR-15, striking King on his side mid-way up his rib cage.

17. That King did not own nor have access to nor have on his person or in his house a weapon of any kind and no weapon(s) were ever discovered or recovered by the TCSO.

18. That after shooting King, the defendants allowed King to lie on the ground for an unreasonable amount of time, then unreasonably dragged his body for approximately 200 feet across the surface of the ground to the street.

19. That the defendants unreasonably and without justification detained the

emergency personnel from transporting King to the hospital.

20. That the defendants unreasonably and without justification for seven days refused to divulge to King's wife, Sherral or any next of kin, which hospital King was taken to by the emergency personnel.

21. That the defendants unreasonably and unjustifiably refused access to King by Sherral or any next of kin.

22. That the defendants repeatedly and falsely misrepresented to Sherral that King was fine and that his gunshot injuries were not life threatening.

23. That King was in fact fighting for his life as a result of the shooting.

24. That as a result of the bullet ripping through vital organs King was required to subsist for months by feeding tubes in his stomach and a colostomy.

25. That as a result of being shot King lost a large amount of his proximal small intestine, part of his colon, his gallbladder and was forced to undergo surgery to rearrange the hookup to his stomach.

26. That King will require additional surgeries in the future, fragments of the bullet(s) will forever remain lodged in King's abdomen and he will forever be in severe pain as a direct result of the shooting.

## COUNT I
## EXCESSIVE FORCE
## (Violation of 42 USC § 1983)

27. The Plaintiff incorporates paragraph 1-26 by reference herein.

28. The Plaintiff suffered and continues to suffer injuries, including but not limited to, pain and suffering and mental anguish as a result of Hill's actions.

29. That the Plaintiff's injuries were the direct result of excessive force used by Hill

that was not reasonable or justifiable under the circumstances.

30. That Hill's actions were intentional, malicious or done with reckless disregard of the Plaintiff's rights.

### COUNT II
### MUNICIPAL LIABILITY
### (Violation of 42 USC § 1983)

31. The Plaintiff incorporates paragraphs 1-30 by reference herein.

32. That the Tulsa County and Glanz through its custom and usage of excessive force has acquiesced to Hill's unconstitutional use of excessive force.

33. Particularly, Hill was allowed to engage in a pattern of the unlawful use of excessive force.

34. That it was the enforcement through acquiescence of that policy that was the moving force in the deprivation of the Plaintiff's rights as guaranteed by the Constitution of the United States.

### COUNT III
### NEGLIGENT TRAINING
### (Violation of 42 USC § 1983)

35. The Plaintiff incorporates paragraphs 1-35 by reference herein.

36. That the Tulsa County and Glanz were responsible for the training of its deputies, including Walker, Goodson and Hill.

37. That the Tulsa County and Glanz were deliberately indifferent to the training and supervision of its deputies, particularly Walker, Goodson and Hill.

38. That as a direct and proximate result of the Tulsa County and Glanz's indifference the Plaintiff suffered a violation of his constitutional rights as guaranteed by the constitution of

the United States.

## COUNT IV
## NEGLIGENT SUPERVISION AND DISCIPLINE
### (Violation of 42 USC § 1983)

39. The Plaintiff incorporates paragraphs 1-38 by reference herein

40. The Defendant Tulsa County and Glanz are responsible for the supervision and discipline of its deputies, namely Walker, Goodson and Hill.

41. That the Tulsa County and Glanz were deliberately indifferent to its supervision and discipline of Walker, Goodson and Hill.

42. As a direct and proximate result of the Tulsa County and Glanz's indifference the Plaintiff suffered a deprivation of his constitutional rights as guaranteed by the constitution of the United States.

## COUNT V
## TORT CLAIM
### (Violation of 51 Okla. Stat. § 151 et seq.)

43. The Plaintiff incorporates paragraphs 1-42 by reference herein.

44. Plaintiff served notice on the Tulsa County pursuant to the Oklahoma Governmental Torts Claim Act ("OGTCA").

45. The Tulsa County denied Plaintiff's claim in whole.

46. The Plaintiff filed his present cause of action arising under the OGTCA within 180 days after denial of his claim.

47. The Tulsa County had a duty to make an arrest using force necessary and reasonable under the circumstances.

48. The Tulsa County failed to exercise force that was reasonable and necessary

under the circumstances to arrest the Plaintiff.

49. As a direct and proximate cause of the Tulsa County's negligence, Plaintiff suffered and continues to suffer injuries.

**WHEREFORE,** Plaintiff prays for judgment in excess of $75,000.00 against all defendants for lost wages; compensatory and consequential damages, including but not limited to damages for medical expenses; physical and emotional pain and suffering. Plaintiff further prays for judgment against Defendant Hill for punitive damages; and against all Defendants for the cost of this action, including a reasonable attorney fee.

Respectfully submitted

s/Paul Gee
Paul Gee
Oklahoma Bar No. 14964
5222 E. 69th Place
Tulsa, OK  74136
(918) 493-6464
pgee@paulgeelaw.com

Attorney for Plaintiff