IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| DONALD FRANCIS KING, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) Case No. 12-cv-137-JED-TLW |
| | ) |
| STANLEY GLANZ, in his official | ) |
| capacity as Sheriff of Tulsa County, | ) |
| and LAMONT HILL, | ) |
| | ) |
| Defendants. | ) |

**OPINION AND ORDER**

Before the Court is plaintiff's Motion to Compel. (Dkt. # 58). The Court previously entered a partial ruling (dkt. # 65), taking under advisement the issue of the application of the deliberative process privilege to certain documents related to a December 16, 2010 hearing of the Critical Incident Review Board. At a hearing on December 9, 2013, the Court stated that it would review the documents *in camera* to determine whether the privilege applied. (Dkt. # 67). Defendants produced those documents on December 10, 2013. The Court has reviewed those documents and, for the reasons that follow, holds that plaintiff's motion to compel should be GRANTED with respect to those documents.

**BACKGROUND INFORMATION**

Plaintiff is suing defendants for damages for civil rights violations resulting from an officer-involved shooting. (Dkt. # 44). Plaintiff's Third Amended Complaint alleges that Tulsa County Sheriff's Deputy Lamont Hill shot plaintiff "without warning or justifiable reason" during a domestic disturbance call involving plaintiff as the perpetrator. Id. Plaintiff contends that defendant Hill used excessive force and that defendant Glanz is liable under the theories of respondeat superior and negligent training, supervision, and discipline. Id.

## MOTION TO COMPEL

During the discovery period, plaintiff served interrogatories and requests for production. Among those requests was Request for Production 4 to defendant Glanz, asking for "copies of any documents that are a result of any administrative proceedings related to Lamont Hill's activities as a law enforcement officer while employed by the Tulsa County Sheriff's Office." (Dkt. # 58, Ex. C). In response, defendant Glanz asserted a number of objections, including an assertion that "the Critical Incident Review of this incident is privileged. (Deliberative Process privilege.)"[1] Id.

Plaintiff argues that the deliberative process privilege is not applicable for two reasons. (Dkt. # 58). First, plaintiff contends that any deliberations or discussions contained in the Critical Incident Review are not the type of communication intended to be privileged because they "are not deliberations that seek to create or affect Policy or render a decision that would create or affect Policy. They are reviews where the facts and circumstances of a shooting incident are discussed in light of already existing Policies and Procedures." Id. Second, plaintiff argues that the information presented at hearings such as the Critical Incident Review is factual, which is not subject to the privilege. Id. Defendant Glanz argues that the review board process, as described in the undersheriff's affidavit attached to the response, is both predecisional and deliberative. (Dkt. # 63).

---

[1] The Critical Incident Review is an administrative hearing routinely held after officer-involved shootings that evaluates "whether the employee adhered to departmental policy, and whether there are any recommendations related to changes in policy, training, equipment, or tactical issues, following an open discussion of those topics." (Dkt. # 63-3, Affidavit of Tulsa County Undersheriff Tim Albin). In cases where the officer did not follow the policy, the Board "must then make recommendations regarding what personnel actions should be taken relative to the affected employee." Id.

2

## ANALYSIS

### **Rules for Applying the Deliberative Process Privilege**

The deliberative process privilege protects "documents reflecting advisory opinions, recommendations and deliberations comprising part of a process by which governmental decisions and policies are formulated" from discovery. NLRB v. Sears, Roebuck & Co. 421 U.S. 132, 150, 92 S.Ct. 1504, 44 L.Ed.2d 29 (1975) (internal quotations and citation omitted). The privilege exists to "protect[] open and frank discussion" among agency personnel in order "to enhance 'the quality of agency decisions.'" Department of Interior v. Klamath Water Users Protective Ass'n, 532 U.S. 1, 8-9 (2001) (quoting Sears, Roebuck, 421 U.S. at 151). The privilege serves the secondary purpose of "prevent[ing] the premature disclosure of proposed policies, and avoids 'misleading the public by dissemination of documents suggesting reasons and rationales for a course of action which were not in fact the ultimate reasons for the agency's action.'" Trentadue v. Integrity Comm., 501 F.3d 1215, 1226 (10th Cir. 2007) (quoting Coastal States Gas Corp. v. Department of Energy, 617 F.2d 854, 866 (D.C. Cir. 1980)). The privilege protects both intra-agency and inter-agency documents. See Renegotiation Bd. v. Grumman Aircraft Engineering Corp., 421 U.S. 168, 188, 95 S.Ct. 1491, 44 L.Ed. 2d 57 (1975).

To qualify for protection under the privilege, the party seeking to invoke the privilege bears the burden of proving that the document at issue is both predecisional and deliberative. Trentadue, 501 F.3d at 1226, 1227 (citations omitted). The case law does not articulate a specific burden of proof, but an agency can meet its burden through the submission of evidence such as affidavits, a detailed privilege log, and other evidence. See, e.g., Loving v. Department of Defense, 550 F.3d 32, 41 (D.C. Cir. 2008); Boyd v. Department of Justice, 475 F.3d 381, 392 (D.C.Cir. 2007); Coastal States, 617 F.2d at 861. Even if the agency meets its burden, however,

the privilege is a qualified one and can be "overcome by a sufficient showing of need." In re Sealed Case, 121 F.3d 729, 738 (D.C. Cir. 1997).

A document is predecisional if it is "'prepared in order to assist an agency decisionmaker in arriving at his decision.'" Trentadue, 501 F.3d at 1227 (quoting Renegotiation Bd., 421 U.S. at 184). Several circuit courts, including the District of Columbia Circuit, apply a temporal test to determine whether a document is predecisional. See, e.g., Enviro Tech Int'l v. United States Environmental Protection Agency, 371 F.3d 370, 375 (7th Cir. 2004) (stating that a predecisional document is "'actually [a]ntecedent to the adoption of an agency policy,'") (citations omitted); Texaco Puerto Rico, Inc. v. Department of Consumer Affairs, 60 F.3d 867, 884 (1st Cir. 1995); National Wildlife Fed'n v. United States Forest Svc., 861 F.2d 1114, 1117 (9th Cir. 1988); Senate of the Commonwealth of Puerto Rico on Behalf of Judiciary Comm. v. United States Dep't of Justice, 923 F.2d 574, 585 (D.C. Cir. 1987) (holding that "[a] document is 'predecisional' if it precedes, in temporal sequence, the 'decision' to which it relates.").

The Tenth Circuit has not adopted a temporal test. Instead, the Tenth Circuit has indicated that courts should consider the substance of the document and the circumstances of each case. See Casad v. United States Dep't of Health & Human Svcs., 301 F.3d 1247, 1252 (10th Cir. 2002). In Casad, the Tenth Circuit cited two factors that are "helpful" in determining whether a document is predecisional: (1) "the 'nature of the decisionmaking authority vested in the officer or person issuing the disputed document;'" and (2) "the relative positions in the agency's 'chain of command' occupied by the document's author and recipient." Casad, 301 F.3d at 1252) (citations omitted).[2] Additionally, at least one district court within the Tenth Circuit has interpreted the Supreme Court's holding in Sears, Roebuck as rejecting the temporal

---

[2] Notably, the Tenth Circuit derives these factors from cases issued from the District of Columbia Circuit Court, which applies a temporal test.

4

test. See Securities and Exchange Comm'n v. Naccio, 704 F.Supp.2d 1099, 1110-1111 (D.Colo. 2010). In Naccio, the district court held that the predecisional test "is one that requires examination of the advice being given, its connection to an agency decision, and the purpose that advise [sic] is intended to serve. The fact that the discussion post-dates a particular decision does not automatically render that discussion discoverable." Naccio, 704 F.Supp.2d at 1110. The Supreme Court, in Sears, Roebuck, did acknowledge that "the line between pre-decisional documents and postdecisional documents may not always be a bright one" and cited circumstances in which even a final agency decision could be considered predecisional if it functioned as a guide for cases yet to be determined. Sears, Roebuck, 421 U.S. at 153, n. 19.

The Tenth Circuit recognizes that identifying a document as deliberative is a difficult task. See Trentadue, 501 F.3d at 1227. The Court must review each document and consider both its contents and its context "because the deliberative process privilege is so dependent upon the individual document and the role it plays in the administrative process." Coastal States Gas Corp., 617 F.2d at 867. Documents that are deliberative and, therefore, covered under the privilege include "recommendations, draft documents, proposals, suggestions, and other subjective documents which reflect the personal opinions of the writer rather than the policy of the agency." Id. at 866. Factual materials do not qualify as deliberative unless its "disclosure 'would so expose the deliberative process within an agency that it must be deemed exempted.'" Trentadue, 501 F.3d at 1228 (quoting Mead Data, Inc, v. United States Dep't of the Air Force, 566 F.2d 22, 256 (D.C. Cir. 1977)). The Tenth Circuit exempts factual materials only if (1) "they are inextricably intertwined with deliberative materials" or (2) "their disclosure would reveal deliberative material." Id. at 1229.

### Application of the Rules to the Documents Listed in the Privilege Log

As an initial matter, defendant Glanz has offered only an affidavit from the undersheriff to establish that the documents listed in the privilege log (dkt. # 63, Ex. 2) are subject to the deliberative process privilege. The undersheriff's affidavit describes generally the purpose of the Critical Incident Review Board. However, neither the affidavit nor defendant Glanz's response raises any argument with respect to the particular documents at issue, other than to argue that they were created as a result of a proceeding that would likely produce predecisional, deliberative documents. While the purpose of the review board may lend itself to the creation of documents, such as transcripts or reports, that are subject to the deliberative process privilege, defendant Glanz may not rely on this evidence generally to establish that particular documents are privileged. As Trentadue states, the party seeking to invoke the privilege bears the burden of proving that the *document* at issue is both predecisional and deliberative. Trentadue, 501 F.3d at 1226, 1227 (citations omitted). Defendant Glanz has not met this burden.[3]

Nonetheless, the undersigned has reviewed the documents identified in the privilege log *in camera* and will address the application of the rules to each document in turn.

### Audio CD of the December 16, 2010, Hearing of the Critical Incident Review Board

The Critical Incident Review Board met on December 16, 2010, to review the facts and circumstances of the shooting. At that hearing, defendant Hill described the events that led to the shooting. His statements resemble those that one would expect to hear during a deposition or during testimony at trial. While these facts were elicited prior to the Board's determination, they

---

[3] Counsel for defendant Glanz might argue that he was not provided an opportunity to supply evidence to meet this burden with respect to each individual document, as opposed to the process as a whole. But no such request was made. More importantly, were the Court to perceive a need for additional evidence an opportunity to provide it would have been provided. After having reviewed the documents, the Court perceives no such need.

are purely factual in nature; therefore, this portion of the audio CD is not deliberative. See Trentadue, 501 F.3d at 1228, 1229.

Following defendant Hill's statements, the Board members cast their vote to determine whether defendant Hill's actions were within policy. Those votes were made without any discussion among the members of the Board.[4] Accordingly, the votes taken are not deliberative because they do not qualify as "recommendations, draft documents, proposals, suggestions, and other subjective documents which reflect the personal opinions of the writer rather than the policy of the agency." Coastal States Gas Corp., 617 F.2d at 866.

For these reasons, the Court finds that the entire audio CD is not subject to the deliberative process privilege and should be produced.

**Review Board Form**

This two-page form is also factual in nature. It contains basic information about plaintiff, about defendant Hill, and sets forth, without comment, the Board's recommendation of the action to be taken. Accordingly, the Court finds that this form is not subject to the deliberative process privilege and should be produced.

**Memorandum Dated December 16, 2010**

This memorandum summarizes the facts revealed during the hearing on December 16, 2010. It is not predecisional because it records both the content of the hearing and the outcome. Like the audio CD of the hearing, it is also factual in nature and contains no information regarding any deliberations among the members of the Board. The Court notes that the memo specifically states that "[t]he Board made no recommendations." The author of the memorandum, Deputy Clint Caskey, includes no personal thoughts or opinions – the content is

---

[4] The audio CD appears to run continuously from the beginning of the hearing through the vote; therefore, the undersigned presumes that there were no deliberations.

purely a written summary of the hearing. The Court finds that this memorandum is not subject to the deliberative process privilege and should be produced.

**Sketch**

The sketch is a drawing of the scene, created by defendant Hill as he gave his statement to the Critical Incident Review Board. It was intended to serve as a visual aid to the Board members reviewing the evidence during the hearing. Like defendant Hill's statements, it is factual in nature. Accordingly, the Court finds that the sketch is not subject to the deliberative process privilege and should be produced.

**Additional Analysis**

As a final note, the Court has researched the application of the deliberative process privilege to hearings involving officer-involved shootings. The Court found two cases that support the analysis conducted *supra*. The first case, Kirk v. Kulwicki, 2008 WL 1882690 (E.D. Mich. April 24, 2008) (unpublished)[5] involved an identical claim – a civil rights action in which an officer was accused of using excessive force by shooting the plaintiff. The district court found that the portions of the report that contained "evaluative material" were subject to the privilege, but that the remainder of the report, specifically "the facts upon which an agency's decisions are based," were subject to discovery. Id. at *1. Defendants were ordered to produce a redacted copy of the report. See id. In the second case, Duenez v. City of Manteca, 2013 WL 684654, *12 (E.D. Cal., February 22, 2013) (unpublished), another civil rights action alleging violations resulting from a fatal officer-involved shooting, the district court held that the use of the deliberative process privilege was not proper "in relation to internal affairs investigations and records of witness/police officer statements, as these communications are not designed to contribute to the

---

[5] 10th Cir. R. 32.1 provides that "[u]npublished opinions are not precedential, but may be cited for their persuasive value."

formulation of important public policy and are routinely generated." Id. While the Court does not adopt this wholesale rejection of the privilege, this persuasive authority supports the Court's holding that the privilege does not apply to the documents contained in defendant Glanz's privilege log.

## CONCLUSIONS

For the reasons set forth, plaintiff's motion to compel (dkt. # 58) is **GRANTED** with respect to the issue of the deliberative process privilege. Defendant Glanz shall produce the documents listed in the privilege log, dkt. # 63, Ex. 2,[6] on or before December 20, 2013, unless defendant intends to appeal this decision, in which case he shall provide written notice of such intent to plaintiff, and the documents shall be produced within three business days of a decision by the District Court, so long as doing so will not be inconsistent with the District Court's decision. For administrative purposes, the Court notes that defendant's motion to compel, in its entirety, is **GRANTED IN PART and DENIED IN PART**, in light of the Court's previous rulings on the remaining issues raised in the motion. (Dkt. # 65). The parties will bear their own fees and costs.

SO ORDERED this 16th day of December, 2013.

_____
T. Lane Wilson
United States Magistrate Judge

---

[6] The Court notes that defendant Glanz provided the Court with the original sketch for *in camera* review. Counsel for defendants shall make arrangements with the courtroom deputy to retrieve the packet of documents produced for *in camera* inspection.