**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OKLAHOMA**

| | |
|---|---|
| DONALD FRANCIS KING,        ) | |
|                                    ) | |
|             Plaintiff,   ) | |
|                                    )     Case No. 12-CV-137-JED-TLW | |
| v.                                  ) | |
|                                  ) | |
| STANLEY GLANZ, in his Official    ) | |
| Capacity as Sheriff of Tulsa County; and   ) | |
| LAMONT HILL,                   ) | |
|                                  ) | |
|           Defendants.   ) | |

## OPINION AND ORDER

Before the Court is the Defendants' Motion in Limine (Doc. 76). The Court has previously summarized the factual background of this case in prior orders. (*See* Doc. 96, 97).

### I.      Considerations Relating to Motions in Limine

Although the Federal Rules do not specifically authorize motions in limine, the courts have long recognized the potential utility of pre-trial rulings under the district courts' inherent powers to manage the course of trial proceedings. *See Luce v. United States*, 469 U.S. 38, 41 n.4 (1984). "The purpose of a motion in limine is to aid the trial process by enabling the Court to rule in advance of trial on the relevance of certain forecasted evidence, as to issues that are definitely set for trial, without lengthy argument at, or interruption of, the trial." *Mendelsohn v. Sprint/United Mgmt. Co*., 587 F. Supp. 2d 1201, 1208 (D. Kan. 2008) *aff'd*, 402 F. App'x 337 (10th Cir. 2010) (internal quotations omitted). While pretrial limine rulings can save time and avoid interruptions at trial, a court is almost always better situated during the actual trial to determine the probative value of evidence. *See id.* (citation omitted). For that reason, courts are often reluctant to enter pretrial rulings which broadly exclude evidence, unless it is clear that the evidence will be inadmissible on all grounds. *See Hawthorne Partners v. AT&T Tech., Inc*., 831

F. Supp. 1398, 1400 (N.D. Ill. 1993) ("Unless evidence meets this high standard, evidentiary rulings should be deferred until trial so that questions of foundation, relevancy and potential prejudice may be resolved in proper context.").

## II.   Analysis

The defendants' Motion in Limine includes 14 categories of evidence as to which the defendants seek a pretrial ruling of exclusion.  Many of those requests are generic, are not supported by either reference to specific evidence or to any authorities beyond evidence rules, and do not warrant pretrial rulings at this time.  Those issues are better addressed at trial if and when they arise.  With respect to most of the generalized issues asserted in the Motion in Limine, plaintiff notes that it is difficult to specifically respond on those issues because the defendants have not identified what specific evidence, if any, they seek to exclude.  Nonetheless, the plaintiff has represented that he "does not intend to offer evidence of the type alluded to under sections I, II, IV, V, VII, VIII, IX, XI, XII & XIV."  (Doc. 84 at 1).  Those requests for exclusion are thus **moot**, as it appears there is no evidence sought to be introduced in those categories.[1]

Plaintiff objects to sections III, VI, X, and XIII of the Motion in Limine, and the issues raised in those Sections are discussed further below.

### *Unrelated Lawsuits and Prior Complaints against Deputy Hill*

In sections III and X of the Motion in Limine, the defendants request a pretrial ruling excluding references to unrelated events or lawsuits involving the Tulsa County Sheriff's Office (TCSO), as well as other complaints made against Deputy Hill.  Plaintiff responds that he does not intend to offer evidence that does not relate to the incident at issue in this case, but that other

---

[1]     To the extent that a party seeks to admit specific evidence that comes within the descriptions set forth in those sections, counsel for that party should raise the issue in advance of that witness's testimony, outside the presence of the jury, and should be prepared to present specific legal arguments in support of his position.

complaints and incidents may be relevant to plaintiff's claims for municipal liability based upon alleged negligent training. However, the Court has granted summary judgment to Sheriff Glanz on the § 1983 official capacity claims, including the claim for negligent supervision, such that any evidence bearing solely on those claims is irrelevant to the claims that remain to be tried. (*See* Doc. 97). As the parties have not identified in their briefing any particular evidence that they are contemplating, it is unclear whether any such evidence may have some other proper purpose. Accordingly, the requests in Sections III and X of the Motion in Limine are **granted**, without prejudice. A party shall inform the Court, in advance and out of the presence of the jury, if he anticipates introducing any evidence of the type generally described in those Sections, and shall be prepared to present argument and authorities in support of such introduction.

### Demands for Documents During Trial

In section VI of the Motion in Limine, the defendants request that the Court preclude plaintiff from requesting the production of documents from defendants during the course of trial. Plaintiff responds that he does not intend to resolve any discovery disputes in front of the jury, but that testimony at trial may give rise to requesting documents. Plaintiff provides an example of a witness who uses notes while testifying may be subject to the plaintiff requesting to review the notes during the course of trial. The Court finds this request by defendants to be overbroad. This request is **denied** at this time.

### Police Training and Policies

In Section XIII of the Motion, defendants ask the Court to preclude plaintiff's introduction of evidence regarding TCSO policies, procedures, and training. In his response, plaintiff indicates that he intends to introduce evidence of TCSO policies in an effort to demonstrate that such policies are unconstitutional. The only purpose identified by plaintiff for

such evidence would relate only to plaintiff's claims for municipal liability under § 1983. Because the Court has granted summary judgment on those municipal liability claims, the identified purpose for evidence of policies and procedures has been eliminated. In an excessive force case, evidence of an officer's violation of a law enforcement policy or procedure is generally not admissible to prove that the officer violated the Fourth Amendment, because law enforcement agencies are permitted to provide standards that go above and beyond the requirements of the Fourth Amendment. *See Tanberg v. Sholtis*, 401 F.3d 1151, 1163-64 (10th Cir. 2005). The Motion in Limine is thus **granted** as to this category of evidence.[2]

## III. Conclusion

The defendants' Motion in Limine (Doc. 76) is **granted in part** and **denied in part**, as specified above.

SO ORDERED this 24th day of July, 2015.

JOHN E. DOWDELL
UNITED STATES DISTRICT JUDGE

---

[2] In their summary judgment presentations, both plaintiff and the defendants provided exhibits and argument relating to TCSO policies and procedures. In an attempt to bolster his summary judgment argument that he acted in an objectively reasonable manner in shooting plaintiff, Deputy Hill presented several exhibits that related to his alleged compliance with policies and procedures. At trial, Deputy Hill will not be permitted to introduce evidence relating to policies or procedures if the plaintiff is not permitted to introduce such evidence. Hence, although the Court has granted the defendants' Motion in Limine with respect to policies and procedures, the Court will reconsider this ruling at trial if the defendants open the door to introduction of such evidence, or if plaintiff identifies, in advance, a legally proper purpose for any use or reference to policies or procedures.